IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EXPRESS WORKING CAPITAL, LLC, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:13-cv-3045-O |
| § § | |
| STARVING STUDENTS, INC. et al., § § | |
| Defendants. § § § | |

**ORDER**

Before the Court are Defendant Starving Students, Inc.'s Emergency Motion to Dissolve, Modify, or Stay Application of Preliminary Injunction and Brief and Appendix in Support (ECF Nos. 24-25), filed October 21, 2013; Starving Students, Inc.'s Supplemental Brief and Evidence in Support of Defendant's Motion and Appendix in Support (ECF Nos. 35-1, 36), filed October 25, 2013; Express Working Capital, LLC's Response to Defendant's Motion to Dissolve, Modify or Stay (ECF No. 40), filed October 29, 2013; Express Working Capital, LLC's Response to Defendant's Motion for Leave to File Supplemental Brief (ECF No. 43), filed November 5, 2013; and Express Working Capital LLC's Second Response to Defendant's Motion to Dissolve, Modify or Stay (ECF No. 50), filed November 13, 2013. Also before the Court are Express Working Capital LLC's Motion for Sanctions and Brief in Support (ECF Nos. 27-28), filed October 22, 2013; and Starving Students, Inc.'s Response (ECF No. 37), filed October 25, 2013. The Court finds that Starving Students, Inc.'s Motion to Dissolve, Modify or Stay Application of Preliminary Injunction (ECF No. 24) should be and is hereby **GRANTED.** Additionally, the Court finds that Express Working Capital LLC's Motion for Sanctions (ECF No. 27) should be and is hereby **DENIED.**

## I. BACKGROUND

Plaintiff Express Working Capital LLC ("Plaintiff"), Defendant Starving Students, Inc. ("Defendant"), and Ethan Margalith ("Margalith"), the founder of Defendant, entered into a series of agreements whereby Defendant sold a percentage of its future credit card receivables to Plaintiff at a discount. *See* Pl.'s Compl. ¶ 9, ECF No. 2. The agreements at issue, titled "Future Receivables Sale Agreements" (the "Agreements"), were executed between December 28, 2012 and July 11, 2013. Pl.'s Compl. ¶ 9, ECF No. 2. The Agreements provided that Defendant would not (1) change its credit card processor without the prior consent of Plaintiff; (2) close or sell the business without notifying Plaintiff; or (3) sell the future receivables to other parties. Pl.'s Appl. TRO 6, ECF No. 3; *see also* Pl.'s Appl. TRO Exs. A-E (Future Receivables Sale Agreement), App. 1-45, ECF No. 3-1.

Defendant executed the final agreement on July 11, 2013. Before remitting the full amount due to Plaintiff under the Agreements, Defendant contends that its attorney "advised [Defendant] that the Agreements could be illegal," and on July 22, 2013, without notifying Plaintiff, Defendant ceased working with Fortis and began processing credit card payments with another processor. Def.'s Mot. Dissolve, Modify Stay 6, ECF No. 24. On July 25, 2013, Defendant's attorney informed Plaintiff's counsel that the Agreements were illegal usurious transactions and that Defendant would no longer abide by the terms of the Agreements. *Id.*

On August 5, 2013, Plaintiff filed its complaint and Ex Parte Application for Issuance of Temporary Restraining Order. *See* Pl.'s Compl., ECF No. 2; Pl.'s Appl. TRO, ECF No. 3. The Court set a hearing, ordered Plaintiff to notify all Defendants, and allowed Defendant to submit a brief in response to Plaintiff's application. *See* Order, Aug. 5, 2013, ECF No. 4. Counsel for both parties attended the hearing on August 8, 2013, where the Court deferred ruling on Plaintiff's

application, but allowed both parties to begin discovery and ordered Plaintiff to file a reply to Defendant's response. *See* Pl.'s Reply, ECF No. 7. The Court then ordered the parties to conduct mediation with United States Magistrate Judge Paul D. Stickney, which was ultimately unsuccessful. *See* Order, Aug. 15, 2013, ECF No. 8; *see also* Settlement Report, ECF No. 11.

On October 8, 2013, the Court granted Plaintiff's application, finding that a preliminary injunction was appropriate, and ordered Defendant to switch its credit card processor back to Fortis. *See* Order, Oct. 8, 2013, ECF No. 20. On October 21, 2013, Defendant filed their Emergency Motion to Dissolve, Modify or Stay the Preliminary Injunction, *see* Def.'s Mot. Dissolve, Modify or Stay, ECF No. 24, and Plaintiff then filed its Emergency Motion for Sanctions. *See* Pl.'s Mot. Sanctions, ECF No. 27. On November 6, 2013, the Court held a preliminary injunction hearing. *See* Min. Entry, ECF No. 44. The issues have been fully briefed and are ripe for determination.

## II.    MOTION TO DISSOLVE, MODIFY OR STAY

### A.    Legal Standard

A district court may, in its discretion, modify or dissolve an injunction. *See ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 850 (5th Cir. 2006); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 352-53 (5th Cir. 2004) (internal citations omitted); *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975); *see also Seitz v. Envtl. Sys. Worldwide Inc.*, No. H-02-4782, 2008 WL 656513, at *9-11 (S.D. Tex. Mar. 6, 2008) (dissolving injunction that failed to meet requirements of Federal Rule of Civil Procedure 65(d)). A district court may make changes to an injunction "that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974); *see also CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, No. 09-1047-JJB, 2010 WL 3523058, at *1 (M.D. La. Sept. 2, 2010);

*Centennial Broad., LLC v. Burns*, 433 F. Supp. 2d 730, 733 n.6 (W.D. Va. 2006) (noting standard under *Callaway* is similar to standard applied to modify or dissolve injunction under Rule 60(b)(5)).

To dissolve an injunction, some district courts within the Fifth Circuit apply the same standards as they do in deciding whether to grant the injunction. *See Vaughn v. St. Helena Parish Police Jury*, 261 F. Supp. 2d 553, 556 (M.D. La. 2002) (citing *Parks*, 517 F.2d at 787; *John Carlo, Inc. v. Corps of Eng'rs of U.S. Army*, 539 F. Supp. 1075, 1088 (N.D. Tex. 1982)). Accordingly, the Court will address the four elements needed to grant an injunction: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Texans for Free Enterprise v. Texas Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013) (internal citations omitted).

### B.     Analysis

A preliminary injunction is an "extraordinary remedy," *id.* at 537, and will not be granted unless the movant clearly establishes each element. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 607 (N.D. Tex. 2006); *see also Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Defendant argues that Plaintiff cannot establish a substantial likelihood of success of the merits of its claims that the parties entered into a series of account purchase transactions. *See generally* Def.'s Mot. Dissolve, Modify or Stay, ECF No. 25; Supplemental Br. & Evid. Supp. Def.'s Mot., ECF No. 35-1. Defendant contends that the Agreements were usurious loans because they did not involve the sale of accounts and created an absolute obligation to repay the principal. Def.'s Mot. Dissolve,

Modify or Stay 14, ECF No. 24; Supplemental Br. & Evid. Supp. Def.'s Mot. 5-12, ECF No. 35-1. Plaintiff counters that it is likely to succeed on its claim that the Agreements were account purchase transactions and governed by Section 306.103(b) of the Texas Finance Code. Pl.'s Resp. Def.'s Mot.8, ECF No. 50; *see also* Tex. Fin. Code § 306.103(b) ("[T]he parties' characterization of an account purchase transaction as a purchase is conclusive that the account purchase transaction is not a transaction for the use, forbearance, or detention of money."). Plaintiff asserts that the parties entered into a series of factoring agreements whereby Plaintiff purchased Defendant's future credit card receivables at a discount. *See* Pl.'s 2nd Resp. Def.'s Mot. 8, ECF No. 50.

For Section 306.103(b) to apply, the Court must find that the Agreements involved the sale of accounts, the parties intended to enter a transaction for the sale of accounts, and the parties characterized the transactions as such. *See* Tex. Fin. Code § 306.103(b); *see also Korrody v. Miller*, 126 S.W.3d 224, 226 (Tex. App.—San Antonio 2003, no pet. h) ("[I]f the parties intend to enter into an account purchase transaction . . . and characterize the transaction as such, it cannot be a loan or a line of credit."). To determine whether the Agreements were a sale of accounts or a loan, the Court must "ascertain[] the intention of the parties as disclosed by the contract, attending circumstances, or both." *Korrody*, 126 S.W.3d at 226 (internal citation omitted).

After reviewing the briefs and pleadings, the Agreements, and the applicable law, the Court finds that Plaintiff has not established a substantial likelihood of success on the merits. *See Tex. First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 398 (S.D. Tex. 2004) (noting party seeking injunctive relief must prove "that it is likely to succeed on the merits"); *see also Donohue v. Paterson*, 715 F. Supp. 2d 306, 314 (N.D.N.Y. 2010) (stating proponent must make "a clear showing of probable success" to show a likelihood of success on the merits) (internal quotation marks and citations

5

omitted); *S. Utah Wilderness Alliance v. Thompson*, 811 F. Supp. 635, 641 (D. Utah 1993) (defining substantial likelihood of success as "reasonable probability of success") (internal quotation marks and citations omitted). The Agreements are "not the classical form of factoring," Pl.'s Reply 7, ECF No. 7, and there is only one case that interprets Section 306.103(b). *See Korrody*, 126 S.W.3d 224. Plaintiff cited only one case that supports its contention that the Agreements were account purchase transactions. Pl.'s 2nd Resp. Def.'s Mot. 8, ECF No. 50 (citing *Korrody*, 126 S.W.3d at 226). Defendant cited two cases in support of its contention that the Agreements were loans, but neither case is controlling. *See generally* Supplemental Br. & Evid. Supp. Def.'s Mot., ECF No. 35-1 (citing *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410 (5th Cir. 2003); *Anglo-Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The Court concludes that, based on the novel issues presented in this case, the lack of controlling precedent, and the limited evidence presented to the Court, Plaintiff has failed to prove that it is likely to succeed. Accordingly, the Court finds it appropriate to dissolve the injunction.

### III.     MOTION FOR CIVIL CONTEMPT

The Court will now address Plaintiff's Emergency Motion for an Order Holding Defendants in Civil Contempt (ECF No. 28). Plaintiff seeks an order holding Defendants Starving Students, Inc., Ethan Margalith, Chris Carlsson, Starving Students, Inc.'s Chief Executive Officer, and Jean Fria, Starving Students, Inc.'s Controller and Chief Financial Officer (collectively "Defendants"), in civil contempt for violating the Court's Order. *See* Pl.'s Mot. Contempt 4, ECF No. 28. Plaintiff also requests that the Court modify the Order and place Defendant in receivership. *Id.*

####     A.     Legal Standard

While it is established that federal courts have the power to punish for contempt, this power

must be exercised with "restraint and discretion." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (internal quotation marks omitted). To be entitled to an order holding a party in civil contempt, the movant must establish by clear and convincing evidence that: (1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)); *see also IBEW-NECA Sw. Health & Benefit Fund v. Gurule*, 337 F. Supp. 2d 845, 851 (N.D. Tex. 2004). A movant provides clear and convincing evidence when the weight of proof "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts." *Hornbeck Offshore* Servs., 713 F.3d at 792 (internal citations omitted).

In the context of an injunction, a court must describe the "definite and specific" mandates from the order that were violated. *Am. Airlines*, 228 F.3d at 578 (citing Fed. R. Civ. P. 65; *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)) (internal quotation marks omitted); *see also Hornbeck Offshore Servs.*, 713 F.3d at 792 (noting party commits contempt "when he violates a definite and specific order of the court") (internal quotations omitted). Courts must determine whether the party complied with the order; the party's intent is irrelevant. *See Gurule*, 337 F. Supp. 2d at 851; *see also Burdine v. Johnson*, 87 F. Supp. 2d 711, 714 (S.D. Tex. 2000).

 **B. Analysis**

In this case, Defendant was ordered to "switch [its] credit card processor back to Fortis from National Merchant Center, as stipulated by the parties in the Agreements, within seven (7) days."

Order, Oct. 8, 2013, ECF No. 20. Plaintiff asserts that Defendants failed to comply with the Order by refusing to switch all credit card processing to Fortis and violated the Order by either ceasing all credit card transactions or engaging another processor. Pl.'s Mot. Contempt 4, 6, ECF No. 28. Defendants counter that within seven days of the Order they opened one account and gateway with Fortis and state that from October 15, 2013 through October 21, 2013, they did not process any credit card payments. Def.'s Resp. Pl.'s Mot. Contempt 6, ECF No. 37; App. Supp. Def.'s Resp. Pl.'s Mot. Contempt Ex. 1 (Decl. Jean Fria ("Fria")), App. at 1, ECF No. 38-1. On October 22, 2013, Defendants began processing credit cards with another processor. *Id.* at 2.

A court "need not . . . spell out in detail the means in which its order must be effectuated," but the order must "state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required." *Hornbeck Offshore Servs.*, 713 F.3d at 792 (quoting Fed. R. Civ. P. 65(d); *Am. Airlines*, 228 F.3d at 578) (internal quotation marks omitted). While the Court disapproves of Defendants' conduct, it finds that Defendants did not violate the terms of the Order. *See Gurule*, 337 F. Supp. 2d at 851. The Court ordered Defendants to switch their credit card processor back to Fortis, per the Agreements, within seven days. Order 16, Oct. 8, 2013, ECF No. 20. Plaintiff does not contest that Defendant opened one account and gateway with Fortis within seven days of the Order. *See* App. Supp. Def.'s Resp. Pl.'s Mot. Contempt Ex. 1 (Decl. Fria), App. at 1-2, ECF No. 38-1; *see also* Pl.'s Mot. Contempt Ex. B (Decl. Samir Pimputkar), App. at 2-3, ECF No. 28-2. Plaintiff has not rebutted Defendants' claim that all of its credit card processing can be done through one account and one gateway. App. Supp. Def.'s Resp. Pl.'s Mot. Contempt Ex. 1 (Decl. Fria), App. at 2, ECF No. 38-1. There is no evidence that Defendants engaged another processor or processed credit card payments without remitting the required percentage to Plaintiff. *See id.* at 1.

Furthermore, on October 22, 2013, Defendant began processing through Fortis. *Id.* at 2.

The Court is aware that its Order was not as definite and specific as it should have been and, therefore, the Court determines that Defendants did not violate the Order. *See Hornbeck Offshore Servs.*, 713 F.3d at 792 (Civil contempt "must be exercised with restraint and discretion.") (internal quotation marks and citation omitted); *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (Civil contempt is "a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous.") (internal quotation marks and citations omitted). Furthermore, the purpose of civil contempt is to force a party to comply with a court order, and the party's compliance with the order "purges his civil contempt." *United States v. Alvarez*, 489 F. Supp. 2d 714, 719 (W.D. Tex. 2007) (internal quotation marks omitted); *see also Burdine*, 87 F. Supp. 2d at 714. Defendants are no longer under a court order; therefore, civil contempt is not warranted. The Court also finds that a receivership is not warranted. *See Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012) ("Receivership is an extraordinary remedy that should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties.") (internal quotation marks and citations omitted).

### IV.   CONCLUSION

Based on the foregoing, the Court finds that Defendant's Motion to Dissolve, Modify or Stay Application of Preliminary Injunction (ECF No. 24) should be and is hereby **GRANTED**. Furthermore, the Court finds that Plaintiff's Motion for an Order Holding Defendants in Civil Contempt (ECF No. 27) should be and is hereby **DENIED.** Accordingly, it is **ORDERED** that the

preliminary injunction is **DISSOLVED.**

**SO ORDERED** on this **16th day** of **December, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**